# EXHIBIT "A"

**ELECTRONICALLY FILED**
**2022 Jan 06 10:11 AM**
**CLERK OF COURT**

ELECTRONICALLY FILED
2021 Dec 02 4:10 PM
CLERK OF COURT

(CIRCUIT/~~CHANCERY~~) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

## SUMMONS IN CIVIL ACTION

Docket No. _____

( ● ) Lawsuit
( ) Divorce

Ad Damnum $ _____

**Plaintiff(s)**
Melissa Gravat

VS

**Defendant(s)**
Jetro Cash and Carry Enterprises, LLC d/b/a Restaurant Depot, LLC, John Doe Person(s) 1-5 and John Doe Entity(ies) 1-5

TO: (Name and Address of Defendant (One defendant per summons))

Cogency Global, Registered Agent for
Jetro Cash and Carry Enterprises, LLC,
d/b/a Restaurant Depot, LLC
122 East 42nd Street
18th Floor
New York, New York 10168

Method of Service:
( ) Certified Mail
( ) Shelby County Sheriff
( ) Commissioner of Insurance ($)
( ) Secretary of State ($)
( ) Other TN County Sheriff ($)
(●) Private Process Server
( ) Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Brett A. Ferguson                    Plaintiff's attorney, whose address is Post Office Box 3949, Jackson, MS 39207

telephone 601-988-8888             within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED _____     By _____, D.C.

### TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this _____ 20__

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master    By: _____, D.C.

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the __28TH__ day of __December__, 20__21__ at __11:46 a__ M. a copy of the summons and a copy of the Complaint to the following Defendant __Cogency Global__

at __122 East 42nd Street. New York, NY 10168__

By: _AUGUSTUS WILSON_

Signature of person accepting service | Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process

IN THE CIRCUIT COURT OF TENNESSEE FOR THE THIRTIETH
JUDICIAL DISTRICT AT MEMPHIS

**MELISSA GRAVAT**

**Plaintiff,**

**VS.**

**Case Number CT - _____**
**(JURY TRIAL DEMANDED)**

**JETRO CASH and CARRY ENTERPRISES, LLC**
**d/b/a RESTAURANT DEPOT, LLC, JOHN DOE**
**PERSON(S) 1-5 and JOHN DOE ENTITY(IES) 1-5**

**Defendant.**

## COMPLAINT

**COMES NOW**, Melissa Gravat, by and through her attorney of record, and files this, her Complaint, against the Defendants, Jetro Cash and Carry Enterprises, LLC d/b/a Restaurant Depot, LLC, and in support thereof, would show unto this Honorable Court the following to wit:

### I. Parties

1.

The Plaintiff, Melissa Gravat, is an adult resident citizen of Chickasaw County, Mississippi who resides at 215 Oak Lane Circle, Houston, Mississippi.

2.

The Defendant, Jetro Cash and Carry Enterprises, LLC d/b/a Restaurant Depot, LLC, is a foreign corporation licensed and authorized to do business in the State of Tennessee, whose principal place of business is in Delaware, and whose principal office address is 1524 132nd Street, College Point, New York. Jetro Cash and Carry Enterprises, LLC d/b/a Restaurant Depot, LLC may be served with process through its registered agent, Cogency Global, Inc., 122 East 42nd

Street, 18th Floor, New York, New York 10168.

3.

John Doe Person(s) are any unknown persons who may have been responsible for or who may have contributed to the negligence alleged herein. They may be added as Defendants when their identities become known.

4.

John Doe Entity(ies) are any unknown companies who may have been responsible for or who may have contributed to the negligence alleged herein. They may be added as Defendants when their identities become known.

## II. Jurisdiction and Venue

5.

That this cause of action occurred or accrued in Shelby County, Tennessee and that jurisdiction and venue is proper in this Court.

## III. Basic Facts Giving Rise to Claim for Relief

6.

That on or about December 7, 2020, the Plaintiff, Melissa Gravat, was a customer in Restaurant Depot, LLC, a wholesale foodservice supplier, and the Defendant herein. While shopping, the Plaintiff was walking down an aisle towards a main walkway. Once the Plaintiff reached the end of the aisle, she started to make a left turn on the main walkway when she was struck by a forklift carrying a pallet. The impact caused the Plaintiff to sustain bodily injury.

7.

The Defendants had a non-delegable duty to provide a safe environment for their customers, such as the Plaintiff.

8.

At all times pertinent, the Plaintiff was an invitee and well within her civil rights to be on the premises or vicinity of the Defendants and thus the Defendants had a duty to maintain a safe environment.

### IV. Negligence

9.

The Defendants failed to provide and maintain a safe environment for its customers.

10.

The Defendants failed to provide proper training to its employees.

11.

The Defendants failed to provide proper supervision to its employees.

12.

The Defendants failed to properly and adequately inspect and maintain the premises.

13.

The Defendants failed to maintain a safe premises in that the Defendants allowed the forklift driver, Defendant John Doe, to operate a powered industrial truck at a high rate of speed inside its store in an area known to Defendants to be frequently used by customers.

14.

The Defendants were further negligent for their failure to warn the Plaintiff of the dangers to her person while present on the premises.

15.

The Defendants failed to perform and violated or breached all and singularly the duties they owed Plaintiff as set forth in the preceding paragraphs hereof, and such failure, breach and

violation constituted negligence on the part of the Defendants.

16.

At all times relevant herein, Defendant, John Doe, was an employee and agent of the Defendants, Jetro Cash and Carry Enterprises, LLC d/b/a Restaurant Depot, LLC, and was acting within the course and scope of his employment with the Defendants, Jetro Cash and Carry Enterprises, LLC d/b/a Restaurant Depot, LLC. As such, Jetro Cash and Carry Enterprises, LLC d/b/a Restaurant Depot, LLC, is responsible for the negligent and tortious acts of John Doe employee, pursuant to the doctrine of *respondeat superior* and other applicable law.

## V. Damages

17.

As a direct and proximate result of the negligence of the Defendants, the Plaintiff, Melissa Gravat, suffered injuries and damages which include, but are not limited to the following:

A. Past, present and future physical pain and suffering;

B. Inconvenience and aggravation resulting in emotional and mental suffering past, present and future;

C. Hospital bills, doctor bills, prescription drug bills and other medical and medical related expenses which have been incurred and which will continue to be incurred in the future;

D. Permanent physical impairment and disability; and

E. Loss of enjoyment of life.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands a judgment of, from and against the Defendants in an amount within the jurisdictional limits of this Court to be determined at the trial of this cause plus interest from the date of the filing of the original Complaint

and all costs of court, all in an amount not more than $400,000.00.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

RESPECTFULLY SUBMITTED this the 2nd day of December, 2021.

**Melissa Gravat, Plaintiff**

By: _____
Brett A. Ferguson, Her Attorney

**Of Counsel:**

Brett A. Ferguson (BPR#028616)
Schwartz & Associates, P.A.
162 East Amite Street (39201)
Post Office Box 3949
Jackson, Mississippi 39207
Telephone: 601-988-8888
Facsimile: 601-949-7929